UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                              Plaintiff,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO; THE SAN DIEGO SHERRIFS DEPARTMENT; SAN DIEGO SHERIFF; SHERIFF DEPUTIES; JAIL STAFF; C.L.E.R.B.,<br><br>                             Defendants. | Case No.: 21cv2012-LL-AGS<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]; (2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [ECF No. 3]; AND (3) ORDERING PLAINTIFF TO PROPERLY AND TIMELY SERVE PROCESS** |

**I.     Background**

On November 30, 2021, Plaintiff, Eloy Mascorro, proceeding pro se, filed a civil rights action against the above named Defendants. Plaintiff recently filed two other civil rights actions against municipal and law enforcement entities, as well as multiple named and unnamed individuals. *See Mascorro v. The City of San Diego, et al.*, 21cv1427-LL-AGS ("*Mascorro I*") and *Mascorro v. The City of San Diego, et al.*, 21cv1725-LL-AGS ("*Mascorro II*"). Plaintiff alleges that between 2017 and 2021, while he was an inmate at least four different times at the Downtown Jail and George Baily Facility, his rights were

violated based on numerous incidents mostly related to denials of Plaintiff's various requests for medical care and abusive and discourteous behavior by jail staff. As he did with his two previous cases, Plaintiff filed Mascorro filed a motion to appoint counsel [ECF No. 2] and a motion for leave to proceed in forma pauperis ("IFP") [ECF No. 3]. The motions are suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); S.C. Cal. CivLR 7.1(d)(1).

## II.     Motion to Appoint Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff argues that he needs counsel for the same reasons he stated in his two other cases in both his initial motions as well as in his motions for reconsideration. *See Mascorro I*, 21cv1427-LL-AGS, ECF Nos. 3, 6, 16; *Mascorro II*, 21cv1725-LL-AGS, ECF Nos. 2, 7. In both cases, Judge Bashant, or the below signed judge, denied Plaintiff's motions. As stated by Judge Bashant, "while the Court does not discount Mascorro's hardships, including his homelessness, lack of financial resources, and lack of government-issued identification, Mascorro's court filings establish that he is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint." *Mascorro I*,

21cv1427-LL-AGS, ECF No. 8 at 5. Additionally, "Mascorro's pleading suggests that he or she is capable of legibly articulating the facts and circumstances relevant to the claims raised in the Complaint." *Mascorro II*, 21cv1725-LL-AGS, ECF No. 4 at 2. Accordingly, the Court declines to exercise its limited discretion to request that an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman*, 390 F.3d at 1103.

### III. Motion to Proceed IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status

may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds, again, that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is unemployed, owns $20 in cash, and does not have any money in a checking, savings, or other bank account. ECF No. 2 at ¶¶ 2, 4. Plaintiff receives $238 in public assistance and $80 in "food rebates" every month but spends most of the monthly income to buy food and pay for laundry. *Id.* ¶¶ 1, 8. Further, Plaintiff does not own any real estate, an automobile, or any other significant assets. *Id.* ¶ 5. Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his or her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

**IV.   Service of Process**

As noted in this Court's orders in Plaintiff's two other cases, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* S.D. Cal. Civ. R. 41.1(a) (providing that "[a]ctions or proceedings which have been pending for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution"); *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970) (affirming "[t]hat a court has power to dismiss an action for want

of prosecution on its own motion, both under Rule 41 (b), F. R. Civ. P., or under its local rule, or even in the absence of such rules, is settled in this circuit"). "The exercise of the power to dismiss is discretionary and will be reversed only for an abuse." *States S. S. Co.*, 426 F.2d at 804. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

In Plaintiff's two other cases, it appears as if he failed to timely and properly serve process. Accordingly, Plaintiff is **ORDERED** to serve a copy of the summons and complaint on named Defendants, most importantly the County of San Diego, and to file proof of service on CM/ECF within 90 days after the summons is issued. The manner of service must be consistent with the Federal Rules of Civil Procedure for service of process, most importantly, Rule 4. Failure to properly or timely serve named defendants, or to timely file proof of service, will result in dismissal of the case without prejudice.

## V.     Conclusion

Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED**. Plaintiff's motion to proceed IFP [ECF No. 3] is **GRANTED**. Additionally, Plaintiff is **ORDERED** to serve a copy of the summons and complaint on named Defendants, most importantly the County of San Diego, and to file proof of service on CM/ECF within 90 days after the summons is issued. Finally, Plaintiff may, in accordance with ECF Administrative Policies and Procedures,[1] use the Court's CM/ECF filing system to electronically file documents and receive electronic notice of case-related transmissions, so long as Plaintiff properly

---

[1] Available at https://www.casd.uscourts.gov/attorney/filing-procedures.aspx.

registers as a CM/ECF user with the Clerk's Office on or before **April 8, 2022**.

      **IT IS SO ORDERED**.

Dated: March 3, 2022

                                        Honorable Linda Lopez
                                        United States District Judge