UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>          Plaintiff,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO, et al.,<br><br>          Defendants. | Case No.:  21-cv-2012-RSH-DDL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO APPOINT U.S. MARSHAL SERVICE AS PROCESS SERVER**<br><br>[ECF No. 66] |

On June 7, 2025, Plaintiff filed his First Amended Complaint ("FAC") in this action. ECF No. 64. On June 9, 2025, the Clerk of Court issued the summons as to Plaintiff's FAC. ECF No. 65. In the instant Motion, Plaintiff requests that the Court appoint the U.S. Marshal Service to effect service of his FAC. *See* ECF No. 66. For the reasons below, the Court grants in part Plaintiff's motion.

**I.      LEGAL STANDARD**

"Rule 4 of the Federal Rules of Civil Procedure governs the commencement of an action and the service of process." *Emp. Painters' Tr. v. Ethan Enters.*, 480 F.3d 993, 999 (9th Cir. 2007). "Rule 5, in turn, governs service of every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants." *Id.*

(internal quotation marks omitted). Service of an amended complaint is permitted under Rule 5 "if the original complaint was properly served and *the defendant has made an appearance in the action*." *Bricklayers & Allied Craftworkers Loc. Union No. 3 v. Palomino*, No. C09-01589-CW DMR, 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010) (emphasis in original); *see Emp. Painters' Tr.*, 480 F.3d at 995–96 ("[A]n amended complaint can often be served in the same manner as any other pleading if the original complaint is properly served and the defendants appeared in the first instance.").

## II.  ANALYSIS

As Plaintiff has been granted IFP status, he is entitled to have service of process effected by the U.S. Marshal Service on his behalf as follows. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.").

### A.  Defendant County

Defendant County was served with Plaintiff's original Complaint and has appeared in this action. ECF Nos. 61; 63. Defendant County was also served with Plaintiff's FAC and has responded by filing a motion to dismiss. ECF No. 68. For these reasons, it is unnecessary for the Court to appoint the U.S. Marshal Service to serve Plaintiff's FAC on the County. *See* Fed. R. Civ. P. 5(b)(2)(E) (authorizing service by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing."); Civ. L.R. 5.4(c) ("The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on Filing Users.").

### B.  Defendants Sherriff's Department and CLERB

Defendants the San Diego County Sheriff's Department ("Sheriff's Department") and the Citizen's Law Enforcement Review Board ("CLERB") were never served with Plaintiff's original Complaint. *See* ECF No. 1.

The Court therefore appoints the U.S. Marshal Service to effect service of Plaintiff's FAC on the Sheriff's Department and the CLERB. Plaintiff is **DIRECTED** to complete

and file a Form 285 for these defendants as completely as accurately as possible on or before **August 14, 2025**. Upon receipt, the Clerk's Office is **DIRECTED** to transmit the completed forms, along with the summons and Plaintiff's FAC, to the U.S. Marshal Service for service.

### C. DOE Defendants

The remaining defendants named in Plaintiff's FAC are Doe Defendants. *See* FAC at 2–3. To the extent Plaintiff is requesting that the Court appoint the U.S. Marshal Service to effect service on these defendants, Plaintiff's request is premature. A Doe Defendant "cannot be served with process until he or she is identified by his or her true name. The burden remains on the plaintiff to identify the defendant; the Court will not undertake to investigate the name and identity of an unnamed defendant." *Wilkins v. Santa Clara Sheriffs Dep't*, No. 20-CV-03256-EMC, 2022 WL 2834290, at *3 (N.D. Cal. July 20, 2022); *Menefee v. Tigard Police Dep't*, No. 3:20-CV-01497-AC, 2020 WL 6547640, at *2 (D. Or. Nov. 6, 2020) ("The burden of identifying and serving any defendant remains at all times on the plaintiff, however, and the court will not undertake to investigate the name and identity of an unnamed defendant.").

**IT IS SO ORDERED.**

Dated: July 22, 2025

_____
Hon. Robert S. Huie
United States District Judge