UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MASCORRO,<br><br>                        Plaintiff,<br><br>v.<br><br>THE COUNTY OF SAN DIEGO, et al.,<br><br>                        Defendants. | Case No.: 21-cv-2012-RSH-DDL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[ECF No. 68] |

Pending before the Court is a motion to dismiss filed by defendant County of San Diego (the "County"). ECF No. 68. As set forth below, the motion is granted.

**I.    BACKGROUND**

Plaintiff Eloy Mascorro, proceeding pro se, initiated this lawsuit on November 30, 2021, by filing his Complaint against the County, related County entities, and unnamed deputy sheriffs and jail staff.[1] ECF No. 1. The Complaint was based on four incidents

---

[1] This case is related to two other federal lawsuits brought by Plaintiff in this Court, Case Nos. 21-cv-1427 and 21-cv1725. In the former case, judgment for the defendants was

"[b]etween 2017 and 2021 while [Plaintiff] was an inmate 4 different times," and alleged violations of his First, Eighth, and Fourteenth Amendment rights. *Id.* at 2.

On May 11, 2023, the Court dismissed the case without prejudice for failure to timely effectuate service of process. ECF No. 39. Plaintiff appealed that order. On April 29, 2025, the Court of Appeals vacated the order, and remanded the case with instructions to this Court to forward process to the U.S. Marshals Service ("USMS") for service on the County. ECF No. 59-1 at 2. The mandate issued on May 21, 2025. ECF No. 59. The following day, this Court directed service by the USMS. ECF No. 60. On June 5, 2025, Plaintiff filed a return reflecting service by the Marshals on a representative of the County as of May 28, 2025. ECF No. 61.

On July 7, 2025, Plaintiff filed the Amended Complaint, his operative pleading. ECF No. 64. The Amended Complaint alleges five "incidents," occurring during the following time periods: (1) "Approx. 2017-2021;" (2) September 2021; (3) "Approx. 2017-2021;" (4) October 2021; and (5) December 2024. *Id.* at 4-6. The Amended Complaint describes those incidents as follows:

> FIRST INCIDENT (Approx. 2017-2021): Plaintiff was denied writing materials for grievances and transferred to a dangerous facility, including the George Bailey Detention Facility, in retaliation for his requests. This denial of basic means for communication and the retaliatory transfer reflect a widespread pattern of obstructing access to redress and punishing protected speech within San Diego County Jails. He was subsequently attacked by other inmates. Upon expressing frustration to jail staff who eventually stopped the attack, Plaintiff was threatened by said staff that they would send him back to the area where he was attacked. Upon release, deputies refused his request for an ambulance, demonstrating a deliberate indifference to his safety and serious medical needs.

---

entered on January 22, 2025, and Plaintiff has appealed. The latter case is pending before this Court.

> SECOND INCIDENT (September 2021): After an arrest, medical and jail staff dismissed Plaintiff's request for medical attention for what was later confirmed to be a broken arm. This incident exemplifies a custom of deliberate indifference to serious medical needs for incarcerated individuals.
>
> THIRD INCIDENT (Approx. 2017-2021): Plaintiff was threatened with unlawful detention by a booking clerk and a deputy for refusing to sign a notice to appear. This constitutes a pattern of coercive tactics and abuse of authority.
>
> FOURTH INCIDENT (October 2021): A deputy physically assaulted Plaintiff in retaliation for requesting a wheelchair. Other deputies then refused to provide him with a complaint form. This incident further demonstrates the systemic pattern of First Amendment retaliation and the deliberate obstruction of avenues for filing grievances. In relation to this incident, Defendants CLERB (John Doe 101-110) investigated Plaintiff's complaint, but stated that Plaintiff was lying about the battery and refused to share the video surveillance footage of the incident, claiming it was prohibited by state law and that Plaintiff was not entitled to view it.
>
> FIFTH INCIDENT (December 2024): At the Vista jail, Plaintiff was threatened for using the call button to request adequate bedding and hygiene supplies and writing materials. Upon release, a staff member refused to accept his completed complaint form. This underscores the ongoing custom of denying fundamental necessities and actively hindering access to administrative remedies within San Diego County Jails.

ECF No. 64 at 4–6. Based on those five incidents, the Amended Complaint brings the following claims, the first six of which are brought pursuant to 42 U.S.C. § 1983: (1) retaliation in violation of the First Amendment; (2) denial of access to the courts in violation of the First Amendment; (3) deliberate indifference to serious medical needs in violation of the Eighth Amendment; (4) failure to protect in violation of the Eighth Amendment; (5) unconstitutional conditions of confinement in violation of the Eighth Amendment; (6) municipal liability pursuant to *Monell*; (7) violation of the Bane Civil

Rights Act, Cal. Civ. Code § 52.1; (8) intentional infliction of emotional distress; and (9) battery. *Id.* at 6–13.

On July 18, 2025, the County filed its motion to dismiss. ECF No. 68. The motion has been fully briefed. ECF Nos. 71, 74.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not

"supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**B.     Motion to Dismiss for Insufficient Service of Process**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss for "insufficient service of process." "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint . . . without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail*, 840 F.2d at 688 (internal quotation marks and citation omitted). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

As to the timing of service, Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

//

//

## III. ANALYSIS

### A. Service of Process

The County first argues that the services of process effectuated on the County by the USMS on May 22, 2025 was untimely and inadequate. ECF No. 68-1 at 15–16.

Here, service was timely. The Court of Appeals determined that Plaintiff was entitled to have the Court directly provide Plaintiff's previous filings to the USMS to effectuate service of process. The Court directed service in accordance with the mandate. The USMS effected service on May 28, 2025, a week after the mandate issued. ECF Nos. 59, 61.

The County also asserts that service was defective because the summons served on May 28, 2025 was blank. ECF No. 68-1 at 6; *see also* ECF No. 65. The County argues, "[a]s multiple County Defendants and entities are listed in this lawsuit, each named Defendant has a right to know whether they have been served." ECF No. 68-1 at 6. In this case, however, the only defendants that have been named to date are County entities, rather than individuals—it is clear that Plaintiff sought to serve the County. Under the circumstances here, the Court finds that Plaintiff substantially complied with Rule 4 as to the County.

### B. Claims Presentation Requirement for State Law Claims

The County next argues that Plaintiff's state law claims should be dismissed because Plaintiff has failed to establish compliance with the claims presentation requirement of the California Government Claims Act.

The California Government Claims Act, Cal. Gov't Code § 810 et seq., "is a comprehensive statutory scheme that sets forth the liabilities and immunities of public entities and public employees for torts." *Cordova v. City of Los Angeles*, 61 Cal. 4th 1099, 1104–05 (2015) (internal quotation marks omitted). "In order to bring suit for damages against a public entity, the California Government Claims Act requires that a plaintiff give notice to the public entity with written claims and that the public entity reject those claims." *Brewster v. City of Los Angeles*, No. EDCV 14-2257 JGB (SPx), 2020 WL 5991621, at *11 (C.D. Cal. July 14, 2020) (citing Cal. Gov. Code §§ 945.4, 905, 910); *see also Nguyen*

*v. Los Angeles Cnty. Harbor/UCLA Med. Ctr.*, 8 Cal. App. 4th 729, 732 (Ct. App. 1992) ("The presentation of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity."). The purpose of the requirement is "not to prevent surprise like judicial statutes of limitations," but instead "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1122 (Ct. App. 2020) (citations omitted). The purpose of the claims statutes is also to "enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." *Id.* (citations omitted). "Failure to comply with the mandatory requirements [of the California Government Claims Act] is fatal to the cause of action." *Nguyen*, 8 Cal. App. 4th at 732. "[A] claim under Government Code section 910 is sufficient if (1) there is some compliance with all of the statutory requirements; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate." *Cnty. of Los Angeles v. Superior Court*, 159 Cal. App. 4th 353, 360 (Ct. App. 2008) (internal quotation marks omitted).

Section 910 of the California Government Code requires that claim to include, among other things, "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," Cal. Gov't Code § 910(e); "[a] general description of the … injury, damage or loss incurred so far as it may be known at the time of presentation of the claim," *id.* § 910(d); and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known," *id.* § 910(e). "If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or motion for judgment on the pleadings] if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431,

434 (Ct. App. 1988) (quoting *Nelson v. State*, 139 Cal. App. 3d 72, 79 (Ct. App. 1982)). A claim must be presented "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2.

The Amended Complaint alleges, in conclusory terms, that Plaintiff has complied with the claim presentation requirements of the California Government Claims Act "by timely filing a claim for damages with the County of San Diego, which was subsequently rejected." ECF No. 64 at 3. Plaintiff does not provide further detail. The County's motion to dismiss requests that the Court take judicial notice of Plaintiff's claim submitted to the County. ECF No. 68-2 at Ex. A.[2] That claim, dated June 9, 2021, provides a date of occurrence of between October 6, 2020 and October 10, 2020, between 8am and 11am, in the "San Diego Central Jail / First Holding Cell Area." *Id.* Plaintiff's full description of the event is: "San Diego County Deputy violated my constitutional rights." *Id.*

The County argues in its motion to dismiss that Plaintiff's claim was insufficient to put the County on notice of this lawsuit; and also argues that the claim was untimely, filed eight months after the alleged incident. ECF No. 68-1 at 7. As to timeliness, Plaintiff concedes that responding to the County's argument is "somewhat challenging," and offers that his "strongest argument for the timeliness of the state law claims related to October 10, 2020 remains the discovery rule for the alleged fabrication an IA misconduct (i.e., Plaintiff could not sue on the cover-up until he discovered it on June 22, 2021) …." ECF No. 71 at 4. Plaintiff argues in the alternative the "October 10, 2021 violations could be viewed as a single, continuing violation conclusively linked to the June 2, 2021 cover-up or as multiple violations that extended the period up to the June 2, 2021 violations …." *Id.* Plaintiff does not respond to the County's argument that the notice contained in the government claim is inadequate.

---

[2] Plaintiff does not object to taking judicial notice of his claim, or dispute the authenticity of the copy submitted by the County. The Court grants the County's request to take judicial notice of this document.

      The Court agrees with the County that the notice contained in Plaintiff's claim is inadequate to satisfy the requirements of the California Government Claims Act relative to this lawsuit. Fundamentally, Plaintiff's claim of June 9, 2021, provides a date and time range, a location, and a general allegation that Plaintiff's constitutional rights were violated—but provides no information about what allegedly occurred. It is not clear whether the allegations in the Amended Complaint are meant to correspond to the incident that Plaintiff had in mind when he filed the claim. The Amended Complaint alleges that in "October 2021," "[a] deputy physically assaulted Plaintiff in retaliation for requesting a wheelchair." ECF No. 64 at 5. If this is the incident he meant to describe in his claim, he did not do so, and did not give the County a meaningful opportunity to act on that claim. Such a claim, moreover, should have been filed within six months of the assault; the Amended Complaint does not allege any other assaults or a pattern of conduct amounting to a single continuing violation that would render timely his claim—which refers only to an undescribed incident occurring between October 6 and 10, 2020.

      Plaintiff has not explained how the claim he filed earlier was adequate to provide notice of any of the claims in his FAC. The claim he filed with the County failed to describe the "circumstances of the occurrence or transaction which give rise to the claim asserted," and also failed to describe the "injury, damage or loss incurred." Cal. Gov't Code § 910(c), (d). The claim failed to meet the standard of "some compliance" with each of the statutorily prescribed elements, and also did not disclose sufficient information to enable the County to adequately investigate the merits of his claim. *See Cnty. Of Los Angeles*, 159 Cal. App. 4th at 360; *Fall River*, 206 Cal. App. 3d at 434. The Court concludes that Plaintiff's state-law claims for battery, intentional infliction of emotional distress, and violation of the Bane Act are barred for failure to comply with the California Government Claims Act.

    **C.**    **Adequacy of Pleading for Federal Claims**

      The County argues in its motion to dismiss that Plaintiff fails to adequately plead facts in support of each of his federal claims. Plaintiff's opposition does not appear to respond directly to this argument. The Court agrees that Plaintiff's federal claims are

inadequately pleaded and provides Plaintiff the opportunity to amend these claims to provide non-conclusory allegations to support these claims.

Broadly speaking, the Amended Complaint provides minimal allegations on the five incidents at issue. Most or all of the numbered "incidents" appear to refer to a series or timeframe of occurrences. All but one of the five incidents is laid out in one or two short sentences. The FAC's "first incident" and "third incident" are described either as occurring within, or occurring over, a period of up to five years ("Approx. 2017-2021"). ECF No. 64 at 4–5. Each of the incidents as described lacks context or specificity, and makes generalized allegations—that Plaintiff was "denied writing materials," "threatened," "attacked," "assaulted," "refused," or "denied writing materials"—without explaining the basis for those allegations. The FAC's six federal claims largely repeat or refer back to these five incidents without further explanation of the underlying facts, or specifying which "incidents" form the basis for each claim. This is inadequate.

### 1. *Claim One*

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). Such a claim consists of the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)). Although Plaintiff alleges in conclusory terms that the first four of these elements are met in Claim One, the Complaint fails to plead the underlying facts in a manner that plausibly establishes the elements of the claim.

### 2. *Claim Two*

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from "systemic official action [that] frustrates a plaintiff … in preparing and filing suits at the present time" (known

as a forward-looking claim), or from official acts resulting in the loss of a claim or suit that cannot now proceed (a backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002). The Amended Complaint appears to be asserting the latter. For such a claim, a plaintiff must establish: (1) actual injury through the loss of a nonfrivolous underlying claim; (2) official conduct that frustrated the litigation of the underlying claim; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *See id.*; *see also Lewis*, 518 U.S. at 351; *see also Neaves v. City of San Diego*, 70 F. App'x 428, 430 (9th Cir. 2003). In Claim Two, Plaintiff alleges in a conclusory manner that Defendants interfered with his right of access to the courts "by denying him the means to file grievances, a prerequisite to filing a lawsuit under the PLRA," ECF No. 64 at 7, but fails to adequately plead facts underlying any of the elements of the claim.

### 3. Claim Three

To state an Eighth Amendment claim based on inadequate medical care, a prisoner must plausibly allege a "serious medical need," and that the defendant was "deliberately indifferent" to that need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The test for deliberate indifference has objective and subjective components. To satisfy the objective prong, the plaintiff must show a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotation marks omitted). To satisfy the subjective prong, the plaintiff must allege the defendant's response to the need was deliberately indifferent by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm cause by the indifference." *Id.* Put another way, a plaintiff must show the official knew of and disregarded "excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). The official "must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that official "must also draw the inference." *Id.* (citation and internal quotation marks omitted). "Deliberate indifference is a high legal standard." *Id.* at 1060. A

showing of negligence or inadvertence is insufficient to establish an Eighth Amendment violation. *Jett*, 439 F.3d at 1096. Here, Claim Three refers to Plaintiff's "serious medical needs, including a broken arm and other injuries sustained from attacks." ECF No. 64 at 7. However, the Amended Complaint fails to allege non-conclusory facts that would establish either the objective or subjective components of deliberate indifference as to his broken arm, or to specify the "other injuries" he sustained in a manner that establishes a serious medical need.

### 4. *Claims Four and Five*

"The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although a prisoner's conditions of confinement may be restrictive and harsh, they cannot involve the "wanton and unnecessary infliction of pain" or be devoid of a legitimate penological purpose. *Id.* Additionally, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). For Eighth Amendment claims based on conditions of confinement, including those based on failure to protect a prisoner from other inmates, the plaintiff must show that (1) the deprivation is "objectively, sufficiently serious," such that the prison official's act or omission resulted in the denial of the "minimal civilized measure of life's necessities"; and (2) the official acted with "deliberate indifference" to the inmate's health or safety. *Id.* at 834.

Claim Four of the Amended Complaint alleges that Plaintiff was "attacked," but the Amended Complaint provides virtually no information about the incident or incidents, which appear to have occurred sometime between 2017 and 2021. ECF No. 64 at 4–5, 8. Claim Five recites a general list of complaints about conditions of confinement (e.g., overcrowding, lack of sanitation, lack of soap and toilet paper, inadequate ventilation and temperature control, frequently broken phones, phone lists that were in small type and difficult to read) that allegedly applied "[d]uring all times Plaintiff was an inmate" at any

County facility, without identifying when he was housed at which facilities, or which conditions applied at what times. *Id.* at 8–9. The Amended Complaint also fails to plead non-conclusory facts establishing deliberate indifference as to either Claim Four or Claim Five.

### 5. *Claim Six*

Municipal entities "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff may recover under *Monell* under one of three theories. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). First, "a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* at 1249 (quoting *Monell*, 436 U.S. at 708). Second, "under certain circumstances, a local government may be held liable under § 1983 for acts of 'omission,' when such omissions amount to the local government's own official policy." *Id.* Third, "a local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1250 (internal quotations omitted). Claim Six in the Amended Complaint alleges in conclusory terms that the County had a "policy" and "custom" that was the moving force behind violation of Plaintiff's constitutional rights. ECF No. 64 at 10. But the Amended Complaint fails to allege non-conclusory facts establishing either a violation of Plaintiff's rights or a policy or custom behind the violation.

### D. Leave to Amend

The deficiencies in Plaintiff's federal claims could possibly be cured by amendment. Accordingly, the Court grants Plaintiff leave to file a second amended complaint for the

21-cv-2012-RSH-DDL

sole purpose of addressing the deficiencies in those claims identified herein.[3] This leave does not extend to allowing Plaintiff to add further state or federal claims. Although Plaintiff is required to provide further detail in relation to the five incidents he has alleged in the FAC, his second amended pleading may not include additional incidents beyond those five as a basis for Plaintiff's claims, except to the extent he is establishing a "policy" or "custom" in support of a *Monell* claim against the County based on a violation of his rights arising from one or more of the five alleged incidents. Plaintiff shall file his second amended pleading **within forty-five (45) days** of the date of this order. If Plaintiff files a second amended complaint that exceeds the leave granted by this order, the pleading will be stricken. Failure to timely file an amended complaint will result in dismissal of the action.

To the extent that the County's arguments for dismissal are not expressly addressed above, this order is without prejudice to the County renewing such arguments. For example, given the lack of specificity associated with Plaintiff's claims, the Court declines to address the County's arguments based on statute of limitations at this time, or the County's arguments for dismissal of the Doe defendants. The County may raise these arguments on a motion to dismiss the second amended pleading.

The Court agrees with the County that Plaintiff is not entitled to recover punitive damages against the County on his Section 1983 claims. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The County is not required to reassert this argument on a motion to dismiss.

//
//

---

[3] The Amended Complaint attaches approximately 60 pages of exhibits, largely consisting of correspondence between Plaintiff and the County's Citizens' Law Enforcement Review Board. To the extent that Plaintiff views these exhibits as reflecting facts that he wishes to allege, he should allege these facts directly in his second amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the County's motion to dismiss [ECF No. 68] is **GRANTED**. Plaintiff is **GRANTED** leave to file a second amended complaint as provided herein.

**IT IS SO ORDERED**.

Dated: November 21, 2025

_____
Hon. Robert S. Huie
United States District Judge